UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JABARI J. JOHNSON, </br></br> Plaintiff, </br></br> v. </br></br> SGT. BRILL, et al., </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> )   Civil Action No. 24-cv-11459-DJC </br> ) </br> ) </br> ) </br> ) </br> ) |

## ORDER OF TRANSFER

**CASPER, J.**                                                                                          **November 15, 2024**

*Pro se* plaintiff Jabari J. Johnson, who is incarcerated at the Colorado State Penitentiary in Canon City, Colorado, has filed a complaint against nine correctional officials of that facility concerning his diet, medical history, access to telephones, and disability accommodations. D. 1.

The District of Massachusetts is not the proper venue for this action. The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "[T]he venue statutes reflect Congress' intent that venue should always lie in <u>some</u> federal court whenever federal courts have personal jurisdiction over the defendant." Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 56 (2013) (emphasis in original).

The venue statute provides that a civil action may be brought in:

(1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

1

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under the alleged facts of this case, this statute does not provide venue in the District of the Massachusetts. Subsection (1) is inapplicable because the defendants are not residents of Massachusetts. Subsection (2) does not support venue here because the alleged events giving rise to Johnson's claims did not occur in Massachusetts. Rather, they occurred within the District of Colorado. Because venue exists in the District of Colorado, subsection (3) does not apply. Further, nothing in the complaint suggests that this Court could exercise personal jurisdiction over any of the defendants.

Accordingly, the Court orders that this action be TRANSFERRED to the United States District Court for the District of Colorado.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge